IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GUILLERMO JOSE BOADA, et al.

    Plaintiffs

            v.

AUTORIDAD DE CARRETERAS Y TRANSPORTACION, et al.

    Defendants

**Civil No.** 09-1930

**OPINION and ORDER**

Pending before this Court are two motions to dismiss, one from each Co-Defendant, the United States of America ("United States")(Docket # 11) and Dick Corporation of Puerto Rico, Inc. ("Dick Corporation"). Docket # 16. Plaintiffs have proffered a reply in opposition to each motion (Dockets # 18 & 24). After reviewing the filings, and the applicable law, both the United States and Dick Corporation's motions to dismiss will be **DENIED**.

**Factual & Procedural Background**

On the evening of December 17, 2005, Guillermo José Boada Santamaría ("Boada") allegedly crashed his Dodge Caravan into a concrete barrier obstructing Puerto Rico Highway 28 in San Juan. Boada, his wife, Ximara Llorens Berrios, and their Conjugal Partnership (collectively, "Plaintiffs"), allege that the concrete block/or divider was left unmarked, unlit, and unattended, during a construction project on the roadway. Docket # 1-6 at 4. The accident caused Boada numerous injuries, and he brought suit in local court seeking to recover tort damages from the Commonwealth of Puerto Rico, and various local government dependencies, Puerto Rico Electric Power Authority ("PREPA"), Puerto Rico Department of Transportation and Public Works ("DTOP"), and the Puerto Rico Ports Authority ("PRPA") (collectively, the "Commonwealth"), along with their unnamed insurance providers, and Dick Corporation, a private government contractor.

**CIVIL NO. 09-1930(SEC)**                                                                                           **Page 2**

On August 12, 2009, Commonwealth attorneys, representing DTOP, filed a third-party claim against the United States Army Corps of Engineers ("USACE"). Docket # 1-4. USACE then filed a timely Notice of Removal to this Court on September 15, 2009, and followed with a Motion to Dismiss on December 1, 2009. Docket # 16. The Motion to Dismiss alleges that this Court lacks jurisdiction to entertain the third-party complaint, because said claim necessarily arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 *et seq*, and neither Plaintiffs nor the Commonwealth have gone through the necessary steps to comply with said law's administrative exhaustion requirements.

Dick Corporation has brought a separate Motion to Dismiss alleging that it has not been properly served. Docket # 16. More specifically, it avers that only "[o]n October 19, 2009, after the case had been removed and dismissed from the Commonwealth Court, [Dick Corporation] was served with a summons issued by the Commonwealth Court and a copy of an Amended Complaint filed therein." Id. at 1. For purposes of expediency, this Court will now analyze both motions, rather than issuing separate opinions.

**Standard of Review**

FED. R. CIV. P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id. (citations omitted). When faced with such a jurisdictional challenge, this Court must ". . . give weight to the well-pleaded factual averments in the operative pleadings [. . .] and indulge every reasonable inference in the pleader's favor." Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec., 510 F.3d 1, 8 (1st Cir.2007).

**CIVIL NO. 09-1930(SEC)**                                                                                           Page 3

A party faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001). Motions brought under Rule 12(b)(1) are subject to a similar standard of review as Rule 12(b)(6) motions. Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Torres Maysonet v. Drillex, S.E., 229 F.Supp.2d 105, 107 (D.P.R. 2002). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. This Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990)(overruled on other grounds). This Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

**Applicable Law & Analysis**

*FTCA Administrative Exhaustion Requirement*

The exclusive remedy for recovery from tortious acts committed by representatives of the United States acting within the scope of their employment is the FTCA, which is ". . . a limited waiver of sovereign immunity by the United States whereby a claimant can sue for the 'negligent or wrongful act or omission' of certain government employees." Ramirez-Carlo v. United States, 496 F.3d 41, 47 (1st Cir. 2007) (citing 28 U.S.C. § 1346(b)(1)). The FTCA requires that as a general condition precedent to suit, all tort claims against the United States must pass through a prior administrative revision. In pertinent part, the statute states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have

**CIVIL NO. 09-1930(SEC)**                                                                                    **Page 4**

> first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . . [However t]he provisions of **this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint**, cross-claim, or counterclaim.

28 U.S.C. § 2675(a)(emphasis added).

It is on the first grounds of this paragraph of the FTCA that the United States seeks dismissal, and from the plain language of the final sentence that the Commonwealth argues that this case fits into a statutory exception, and therefore should precede. Given that the general rule regarding the administrative review requirement is not contested, this Court will focus on elucidating whether the facts at bar fit into the third party claim exception. The United States' motion to dismiss did not develop its argumentation on the issue of a third party complaint, nor has it proffered a reply to the Commonwealth's response, predicated on the plain language of 28 U.S.C. § 2675(a). However, the original motion does cite West v. United States, 592 F.2d 487, 492 (8th Cir. 1979), which stands for the proposition that a plaintiff cannot assert a claim directly against the United States if it is brought into an action as a third-party defendant.

This Court will not rule on said issue, but instead agrees with the Commonwealth that another series of cases better fits the facts at bar. See, e.g., Thompson v. Wheeler, 898 F.2d 406 (3d Cir. 1990); Hassan v. Louisiana Dep't of Transp.& Dev., 923 F. Supp. 890, 893-894 (W.D. La. 1996). These establish that third-party actions under FED. R. CIV. P. 14 seeking indemnity or contribution from the United States are not subject to administrative exhaustion. 3-17 Jayson & Longstreth, Handling Federal Tort Claims § 17.01. The issue has not be directly resolved by the First Circuit, but in Thompson the Third Circuit held a ". . .defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not party to the action 'who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff' . . ." Id. at 410. Such language appears to fit the present situation,

**CIVIL NO. 09-1930(SEC)** Page 5

where Plaintiffs have brought suit against the Commonwealth in local court, only for said party to assert a counter claim against the United States. This is not a situation parallel to West where diligence as to the original defendant's status to be sued would have shown that he was in fact covered by the FTCA. On the contrary, the United States and the Commonwealth may very well have competing and contradictory theories of liability and Plaintiff has taken no steps to assert a direct claim against a federal party. There is no evidence of artful pleading on the part of Plaintiffs, and this situation is amenable to the plain language of 28 U.S.C. § 2675(a). Therefore, the United States motion to dismiss is hereby **DENIED**.

*Service of Process*

The second motion to dismiss was brought by Dick Corporation. It alleges improper service of process, and seeks dismissal under FED. R. CIV. P. 12(b)(4) & 12(b)(5). FED. R. CIV. P(4)(m) allows for dismissal in circumstances where a Plaintiff fails to serve process on a defendant within 120 days after the complaint is filed. However, the rule also allows for a discretionary enlargement of the time to serve process, and this period must be extended if upon notice by the court of failure to serve, a plaintiff shows good cause for his or her delay.

In the present action, Dick Corporation acknowledges receipt of a summons in the original local court case, but alleges that it is null and void because it was served after notice of removal had been entered. Docket # 18 at 2 (citing Dean Marketing, Inc. v. AOC International (U.S.A.), Ltd., 610 F. Supp. 149, 152 (E.D. Mich. 1985) & Beecher v. Wallace, 381 F.2d 372 (9th Cir. 1967)). This Court agrees with Dick Corporation on the invalidity of the local process. Nevertheless, it cannot grant dismissal due to the facts that Plaintiffs have shown good cause for the delay and problems related to the original, nullified, summons. To wit, Plaintiffs took timely action to notify Dick Corporation, but their efforts were cut short by removal. Nevertheless, nothing bars this Court from issuing new process under FED. R. CIV. P.

**CIVIL NO. 09-1930(SEC)**                                                              **Page 6**

4.   Beecher, 381 F.2d at 373. Because Plaintiff acted diligently in serving process on Dick Corporation in the prior iteration of this suit, the company will suffer no prejudice beyond having to defend itself against Plaintiffs' allegations, and dismissal would only cause fragmented and inefficient litigation. Accordingly, Dick Corporation's motion to dismiss shall be **DENIED**.

**Conclusion**

Plaintiffs are **GRANTED** 30 days to serve process on Dick Corporation in accordance with Fed. R. Civ. P. 4. The Clerk of the Court shall issue the necessary summons. Furthermore, the Case Management Schedule has not been stayed, and the parties should make every effort to comply with the existing deadlines. In light of Dick Corporation's request at Docket # 26, the **Joint Case Management Memorandum** and separate **Joint Rule 26 Meeting Report** are now due on **2/12/2010**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of January, 2009.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge